No. 13,907.

MARTHA SCOTT vs. WILHELMINA C. LEONARD, ET ALS.

### SYLLABUS.

A seized debtor who becomes the adjudicatee at a sheriff's sale made of his own property, and pays the sheriff the amount of the bid, acquires no new title. (C. C. 495-2443.)

APPEAL from the Seventeenth Judicial District, Parish of Vermilion.—*Gordy, J.*

*W. W. Edwards,* for Plaintiff, Appellee.

*Hubert M. Ansley,* for Defendants, Appellants.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J.  This action is brought by a judgment creditor of the defendant, Wilhelmina C. Leonard, to set aside as fraudulent and simulated a judicial sale made of certain property in the Parish of Vermilion, made on the — day of ——————, in enforcement of a mortgage upon the property held by Desire Hebert, and on the same grounds to set aside a subsequent mortgage granted on said property and various transfers made thereof up to the present time.  Plaintiff alleged that the object of the same was to place the property beyond the reach of her claims.

The District Court rendered judgment setting aside these various acts, declaring them null and void and simulated.  It decreed the property to still belong to Wilhelmina Leonard and that it was subject to seizure and sale in satisfaction of plaintiff's judgment.  It ordered the erasure of the inscription of the mortgage upon the record.  The defendant appealed.

The district judge, in his reasons for judgment, gave a detailed statement of the different transactions which were so set aside, and the grounds upon which he acted in adjudging them simulated.  An examination of the record satisfies us that his conclusions were correct and that judgment was rendered according to the law and the evidence.

We see no necessity for setting out in this opinion what the evidence was.  The case turned upon questions of fact.  Desire Hebert, as a mortgage creditor, had the undoubted right to have the defendant's property sold, and had any third person bought it, plaintiff would have had no legal grounds to complain, but it was shown that the seized debtor herself was the adjudicatee at that sale in the name of an interposed party.  The adjudication vested in her no new title; a person cannot buy property which he already owns.  (C. C. 2443.)

The adjudication left that title of the property just where it was

before. The payment made by the defendant to Hebert after the sale, left the situation precisely the same as it would have been had the defendant made the payment before the judicial proceedings had been resorted to.

For the reasons assigned, it is hereby ordered, adjudged and decreed, that the judgment appealed from be, and the same is hereby, affirmed at costs of the appellants.

Rehearing refused.